Erika Birch (Bar No. 7831)
T. Guy Hallam, Jr. (Bar No. 6101)
**STRINDBERG SCHOLNICK BIRCH
HALLAM HARSTAD THORNE**
1516 W Hays St
Boise, ID 83702
(t) 208.336.1788
(f) 208.344.7980
erika@idahojobjustice.com
guy@idahojobjustice.com

Matthew C. Helland, CA Bar No. 250451*
**NICHOLS KASTER, PLLP**
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
helland@nka.com
*Pro hac pending*

Caroline E. Bressman, MN Bar No.
0400013*
**NICHOLS KASTER, PLLP**
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
cbressman@nka.com
*Pro hac pending*

Benjamin L. Davis, III, MD Bar No. 29774*
**THE LAW OFFICES OF PETER T.
NICHOLL**
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Telephone: (410)907-3957
*Pro hac pending*

## UNITED STATES DISTRICT COURT DISTRICT OF IDAHO

| | |
|---|---|
| EMILY HANIGAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OPSEC SECURITY, INC., and OPSEC ONLINE, LLC,<br><br>    Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Case No.<br>Judge |

## PRELIMINARY STATEMENT

1.      This is a collective action brought by individual and representative Plaintiff Emily Hanigan ("Plaintiff"), on behalf of herself and all others similarly situated (the "putative FLSA Collective"), to recover overtime pay from her employers, OpSec Security, Inc. and OpSec Online, LLC ("Defendants").

1

2.      Plaintiff brings this action on behalf of herself, and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3.      Plaintiff's claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4.      The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendants as Brand Analysts, Senior Brand Analysts, or other similar positions, during the applicable statutory period.

5.      Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

7.      Venue is proper in the District of Idaho pursuant to 28 U.S.C. § 1391 because Defendant OpSec Online, LLC is headquartered in Meridian, Idaho and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8.      Defendant OpSec Security, Inc. ("OpSec Security") is a domestic limited liability company with its principal place of business located at 1857 Colonial Village Lane, Lancaster, Pennsylvania, 17601, United States.

9.      In January 2020, Defendant OpSec Security acquired MarkMonitor, Inc. ("MarkMonitor") via a stock and asset purchase from Clarivate Analytics. MarkMonitor was headquartered at 3540 East Longwing Lane, Suite 300, Meridian, Idaho, 83646, United States. One month later, in February 2020, OpSec Security created Defendant OpSec Online, LLC ("OpSec Online"), a domestic limited liability company with its principal place of business located

at 3540 East Longwing Lane, Suite 300, Meridian, Idaho, 83646, United States. OpSec Online, LLC is a subsidiary of OpSec Security, Inc.

10.    Defendants operate in interstate commerce by, among other things, offering and selling a wide array of services to customers in multiple states across the country, including Idaho.

11.    Upon information and belief, Defendants' gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

12.    At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

13.    Plaintiff Emily Hanigan ("Plaintiff") is an adult resident of Ada County, Idaho.

14.    Plaintiff began working for MarkMonitor as a Brand Analyst in approximately 2014. She continued to work for MarkMonitor through OpSec Security's purchase of MarkMonitor and the creation of OpSec Online. Plaintiff, like other MarkMonitor employees, continued her employment under substantially similar terms and conditions after the sale of MarkMonitor to OpSec Security and the subsequent creation of OpSec Online.

15.    Plaintiff worked out of MarkMonitor's Meridian, Idaho office at the beginning of her employment and continued to work out of the same office after OpSec Security's creation of OpSec Online, LLC in February 2020. Plaintiff worked in that office until approximately March 2020, when she began working remotely from her home in Boise, Idaho. She continued to work remotely from her home in Boise until July 2021, when she ended her employment with Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16.    At all times relevant herein, Defendants operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

3

17.     Plaintiff and the similarly situated individuals work or worked as Brand Analysts (BAs) or other similar positions.  As Brand Analysts, Plaintiff and the putative FLSA Collectives' primary job duty was non-exempt work. Specifically, a Brand Analyst's job is to review potentially illegitimate activity on the internet for Defendants' clients, including but not limited to counterfeit goods, traffic diversion, and misuse of trademark or copyright rights.

18.     Plaintiff and other similarly situated individuals performed this work by following specific processes, procedures, and workflows. Defendants' web crawling software combed the internet for potentially infringing content. The Brand Analyst's job was to review the content identified by this software, follow up with template letters and/or emails, and to perform other activities outlined by Defendants' precise workflows and processes. This process included reviewing large data sets, following specific workflow processes, collaborating with other team members, and generating reports.

19.     Plaintiff and the similarly situated individuals are or were paid a salary with no additional overtime pay for the overtime hours they worked.

20.     Plaintiff and the other similarly situated individuals are or were treated as exempt from overtime laws, including the FLSA.

21.     Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

22.     For example, during the workweek ending July 18th, 2020, Plaintiff estimates that she worked between approximately forty-three (43) and forty-five (45) hours and did not receive overtime pay for her overtime hours.

23.     Defendants have been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant assigned Plaintiff a heavy workload and required her and the similarly

4

situated individuals to work long hours, including overtime hours. Plaintiff and those similarly situated were required to work overtime hours to fulfill Defendants' contractual obligations to their client, which required Plaintiffs and similarly situated individuals to work a minimum number of hours each week.

24.     Defendants knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Plaintiff complained about her long hours and the workload Defendant assigned to her.  Specifically, during monthly one-on-one meetings with her supervisor, Plaintiff complained that she was over-resourced (regarding the number of hours she was expected to dedicate to each client every week), and that she often worked late to complete tasks that had specific deadlines. Her supervisor indicated he would try to reduce Plaintiff's workload, but no significant changes were made to do so. As a result, Plaintiff continued to work overtime hours on a regular basis.

25.     Although Defendants had a legal obligation to do so, Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

27.     Plaintiff files this action on behalf of herself and all other similarly situated individuals.  The putative FLSA Collective is defined as follows:

> All persons who worked as Brand Analysts, Senior Brand Analysts, or in other similar positions, for Defendants anywhere in the United States at any time starting three years prior to the filing of this Complaint to the present.

28.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A. In addition, to date, three

other individuals have consented in writing to be a part of this action. Their consent forms are attached as Exhibit B. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

29.    During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

30.    Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint by, among other things, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

31.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective.  Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through its records.

## CAUSES OF ACTION
## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and the Putative FLSA Collective)**

32.    Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

33.    The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

34.     Defendants suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

35.     Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

36.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

37.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

        **WHEREFORE**, Plaintiff, on behalf herself and the putative FLSA Collective, prays for judgment against Defendants as follows:

    A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.   A finding that Plaintiff's and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.   A finding that Defendants violated the overtime provisions of the FLSA;

D.   Judgment against Defendants in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E.   An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.   An award of attorneys' fees and costs incurred in prosecuting this action;

G.   Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.   For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: February 16, 2022

**STRINDBERG SCHOLNICK BIRCH
HALLAM HARSTAD THORNE**

/S/ Erika Birch
Erika Birch
Guy Hallam

**NICHOLS KASTER, PLLP**
Matthew C. Helland, CA Bar No. 250451*
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
helland@nka.com

Caroline E. Bressman, MN Bar No. 0400013*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
cbressman@nka.com

**THE LAW OFFICES OF PETER T NICHOLL**
Benjamin L. Davis, III, MD Bar No. 29774*
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone: (410) 244-7005
bdavis@nicholllaw.com


*\* Pro hac vice pending*

**Attorneys for Plaintiff and the Putative FLSA Collective**