Jennifer S. Harpole, (*Pro Hac Vice*)
jharpole@littler.com
LITTLER MENDELSON P.C.
1900 Sixteenth Street
Suite 800
Denver, Colorado 80202
Telephone:   303.629.6200
Fax No.:     303.629.0200

Attorneys for Defendants
OPSEC SECURITY, INC. and OPSEC
ONLINE, LLC

---

## UNITED STATES DISTRICT COURT DISTRICT OF IDAHO

| | |
|---|---|
| EMILY HANIGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPSEC SECURITY, INC. and OPSEC ONLINE, LLC.<br><br>Defendants. | **ANSWER TO COLLECTIVE ACTION COMPLAINT**<br><br>Case No. 1:22-cv-00064-REP<br>Judge: |

Defendants OpSec Security, Inc. and OpSec Online, LLC ("Defendants"), by and through the undersigned counsel, hereby answer Plaintiff's Collective Action Complaint (ECF #1).

1.      Answering Paragraph 1, Defendants admit that Plaintiff purports to bring a collective action to recover overtime pay but denies any claim or implication

that this action is appropriate to be certified or maintained as a collective action. Defendants deny all remaining allegations contained in Paragraph 1.

2.      Answering Paragraph 2, Defendants admit that Plaintiff purports to bring this action for violations of the Fair Labor Standards Act ("FLSA"). Defendants deny all remaining allegations contained in Paragraph 2.

3.      Answering Paragraph 3, Defendants admit that Plaintiff purports to bring a collective action under the FLSA but deny any claim or implication that this action is appropriate to be certified or maintained as a collective action.  Defendants deny the remaining allegations contained in Paragraph 3.

4.      Answering Paragraph 4, Defendants deny any claim or implication that this action is appropriate to be certified as a collective action and deny that Plaintiff is similarly situated to any other individual.   Defendants deny the remaining allegations contained in Paragraph 4.

5.      Answering Paragraph 5, Defendants deny Plaintiff is similarly situated to any other individual.  Defendants deny the remaining allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      Answering Paragraph 6, Defendants admit that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, but state that jurisdiction cannot be

conferred by admission.   Except as specifically admitted, Defendants deny the allegations contained in Paragraph 6.

7.      Answering Paragraph 7, Defendants admit that venue is proper in the District of Idaho pursuant to 29 U.S.C. § 1391.   Except as specifically admitted, Defendants deny the allegations contained in Paragraph 7.

## PARTIES

8.      Answering Paragraph 8, Defendants deny the allegations contained in Paragraph 8.

9.      Answering Paragraph 9, Defendants admit, on information and belief, that MarkMonitor was headquartered at 3540 East Longwing Lane, Suite 300, Meridian, Idaho, 83646, United States. Defendants deny the remaining allegations contained in Paragraph 9.

10.      Answering Paragraph 10, Defendants admit the allegations contained in Paragraph 10.

11.      Answering Paragraph 11, Defendants admit the allegations contained in Paragraph 11.

12.      Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13.     Answering Paragraph 13, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13, and therefore, deny the allegations.

14.     Answering Paragraph 14, Defendants admit, on information and belief, that Plaintiff began working as a Brand Analyst in approximately 2014.  Defendants deny the remaining allegations contained in Paragraph 14.

15.     Answering Paragraph 15, Defendants admit, on information and belief, that Plaintiff worked out of the same Meridian, Idaho office from the start of her employment as a Brand Analyst until approximately March 2020 and admit Plaintiff's employment with OpSec Online, LLC ended in July 2021. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff worked from her home in Boise, Idaho.  Except as specifically admitted, Defendants deny the allegations contained in Paragraph 15.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16.     Answering Paragraph 16, Defendants deny the allegations contained in Paragraph 16.

17.     Answering Paragraph 17, Defendants admit that Plaintiff worked as a Brand Analyst. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 17.

18.    Answering Paragraph 18, Defendants deny the allegations contained in Paragraph 18.

19.    Answering Paragraph 19, Defendants admit that Plaintiff was paid a salary.  Except as specifically admitted, Defendants deny the allegations contained in Paragraph 19.

20.    Answering Paragraph 20, Defendants admit that Plaintiff was treated as an exempt employee under the FLSA.  Except as specifically admitted, Defendants deny the allegations contained in Paragraph 20.

21.    Answering Paragraph 21, Defendants deny the allegations contained in Paragraph 21.

22.    Answering Paragraph 22, Defendants deny the allegations contained in Paragraph 22.

23.    Answering Paragraph 23, Defendants deny the allegations contained in Paragraph 23.

24.    Answering Paragraph 24, Defendants deny the allegations contained in Paragraph 24.

25.    Answering Paragraph 25, Defendants deny the allegations contained in Paragraph 25.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.    Answering Paragraph 26, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

27.    Answering Paragraph 27, Defendants admit that Plaintiff purports to bring a collective action under the FLSA but deny any claim or implication that this action is appropriate to be certified or maintained as a collective action.  Defendants further deny that Plaintiff is similarly situated to any other individual.  Defendants deny the remaining allegations contained in Paragraph 27.

28.    Answering Paragraph 28, Defendants admit that Plaintiff purports to attach a signed consent form to the Complaint.  Defendants further admit that Plaintiff purports to attached three other signed consent forms to the Complaint. Defendants deny the remaining allegations contained in Paragraph 28.

29.    Answering Paragraph 29, Defendants deny the allegations contained in Paragraph 29.

30.    Answering Paragraph 30, Defendants deny the allegations contained in Paragraph 30.

31.    Answering Paragraph 31, Defendants deny the allegations contained in Paragraph 31.

## CAUSES OF ACTION

## COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and the Putative FLSA Collective)**

32.     Answering Paragraph 32, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

33.     Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 33.

34.     Answering Paragraph 34, Defendants deny the allegations contained in Paragraph 34.

35.     Answering Paragraph 35, Defendants deny the allegations contained in Paragraph 35.

36.     Answering Paragraph 36, Defendants deny the allegations contained in Paragraph 36.

37.     Answering Paragraph 37, Defendants deny the allegations contained in Paragraph 37.

38.     Answering Paragraph 38, Defendants deny the allegations contained in Paragraph 38.

**PRAYER FOR RELIEF**

Responding to the Complaint's PRAYER FOR RELIEF paragraph and each of its subparts, Defendants deny that Plaintiff or any of the individuals whom she seeks to represent are entitled to any of the relief Plaintiff seeks, or in the manner they seek it, and otherwise denies the allegations in Plaintiffs' RELIEF REQUESTED paragraph.

**GENERAL DENIAL**

Any allegations contained in the Complaint that Defendants did not specifically admit are expressly denied.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following separately numbered defenses and affirmative defenses without assuming any burden of proof that they do not have as a matter of law. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendants plead as follows:

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The claims against out-of-state Defendants by those individuals Plaintiff seeks to represent who did not reside or work in Idaho are barred, in whole

or in part, because the Court lacks personal jurisdiction over an out-of-state defendant as to the claims of each individual putative member of the collective who had no connection to the forum state, pursuant to the decision by the United States Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S.Ct. 1773 (2017).

3. The Complaint is barred, in whole or in part, to the extent Plaintiff, or some or all of the individuals Plaintiff seeks to represent, agreed to submit the claims alleged herein to binding arbitration and/or waived their rights to bring claims under the FLSA, among others, on a class, collective, or representative basis.

4. The Complaint fails because it does not adequately define the individuals Plaintiff seeks to represent.

5. Plaintiff cannot satisfy the requirements of a collective action under the FLSA, and some or all claims asserted are barred, because Plaintiff is not similarly situated to the group of individuals she seeks to represent under 29 U.S.C. section 216(b), and the individuals she seeks to represent are not similarly situated to one another.

6. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations periods set forth in the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, such claims are barred.

7. The claims of Plaintiff and the alleged similarly-situated individuals

she seeks to represent are barred, in whole or in part. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation. 29 U.S.C. § 255. Plaintiff's claims do not arise out of a willful violation, so the applicable statute of limitations under the FLSA is two years prior to the filing of each party-plaintiff's notice of consent.

8.      The effective date of the Complaint for purposes of determining the relevant time period is the date of filing any notice(s) of consent by Plaintiff.

9.      The claims of Plaintiff and the individuals she seeks to represent are barred, in whole or in part, by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that Plaintiff and those she seeks to represent misrepresented, fabricated, falsely reported, or purposely concealed their true time worked, duties, or job performance and there is no evidence that their employer encouraged them to misrepresent, fabricate, falsely report, or purposely conceal their true time worked, duties, or job performance and no evidence that their employer knew or should have known that they were misrepresenting, fabricating, falsely reporting, or purposely concealing their true time worked, duties, or job performance. *See, e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

10.      The claims of Plaintiff and the individuals she seeks to represent are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. §

254(a) as to all hours during which they were engaged in activities preliminary, postliminary, or incidental to their principal duties or activities.

11.     Throughout her employment, Plaintiff and the individuals she seeks to represent were paid on a salary basis as compensation for all hours worked, and they had a clear and mutual understanding that their salary was compensation for all hours worked each week. Thus, if any Plaintiff or proposed opt-in class member is found to have been non-exempt, they have been paid their regular hourly rate for all hours worked and are only entitled to one-half their regular hourly rate for any hours worked in excess of 40 in a week.

12.     Even assuming, arguendo, that the Court determines that Plaintiff and/or the individuals she seeks to represent were improperly classified as exempt, their claims would still be barred, in whole or in part, to the extent that any activities they may have performed were (a) not compensable work; or (b) barred by the doctrine of *de minimis non curat lex*.

13.     To the extent Plaintiff or the individuals she seeks to represent might have spent insubstantial or insignificant periods of time working beyond their scheduled working hours, such time may be disregarded to the extent it cannot, as a practical administrative matter, be precisely recorded for payroll purposes.

14.     The Complaint fails, in whole or in part, because the time spent as alleged by Plaintiff and the individuals she seeks to represent does not constitute

"hours worked" within the meaning of the FLSA.

15.     Plaintiff and the individuals she seeks to represent were compensated at all times in compliance with applicable FLSA requirements.

16.     Collective relief is inappropriate because individual issues predominate over questions common to the proposed collective. The facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and members of the proposed collective. In addition, consideration of the exempt status of and hours worked by Plaintiff and each putative member of Plaintiff's proposed collective will require an individualized analysis into the actual day-to-day duties and activities of each individual.

17.     Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that her employer did not suffer or permit Plaintiff to work, of which her employer lacked actual or constructive knowledge, and/or which Plaintiff deliberately misreported hours by failing to report all hours worked. Among other reasons, Plaintiff's employer implemented and enforced policies requiring them to accurately report their work time, and Plaintiffs' failure to comply with those timekeeping policies bars any recovery. *See, e.g., Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); Department of Labor Field Assistance Bulletin No. 2020-5 (August 24, 2020).

18.     Plaintiff is not entitled to collective action certification pursuant to 29

U.S.C. § 216(b) because Plaintiff is not similarly situated to members of the putative collective action whom she purports to represent, and she cannot identify a group of similarly situated individuals. By way of example, consideration of the work activities, hours, and supervision of the Plaintiff and each putative collective action member will require an individual fact-specific inquiry into the actual day-to-day activities of each individual.

19.    Plaintiff lacks standing to raise some or all of the claims on behalf of herself and/or some or all of the putative collective action members.

20.    Liability, if any, to each member of any putative collective that Plaintiff purports to represent cannot be determined through generalized class-wide proof by a single jury on a group-wide basis. Allowing this action to proceed as a collective action would violate their employer's rights to a trial by jury guaranteed by the United States Constitution and rights under the Seventh and Fourteenth Amendments to the United States Constitution.

21.    Unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees were outside the scope of their authority and such acts, if any, were not authorized, ratified or condoned by their employer, and their employer did not know, nor should have known, of such conduct.

22.    Plaintiff's employer is entitled to an offset against any damages awarded for amounts paid to any Plaintiff or other putative collective action member

to which they were not otherwise entitled, including but not limited to wage overpayments.

23.     Even if they prevail on any or all of their claims (which they cannot), Plaintiff and/or members of the putative collective action are not entitled to an award of any damages that are not authorized for FLSA claims, including but not limited to prejudgment or post-judgment interest, statutory penalties under 26 U.S.C. § 7434, and punitive damages.

24.     Plaintiff and the individuals she seeks to represent are not entitled to any recovery to the extent the work they performed falls within exemptions, exclusions, or credits provided for under the FLSA, including but not limited to those for individuals employed in a bona fide executive, administrative, professional, or other capacity per 29 U.S.C. section 213(a)(1), 29 C.F.R. section 541.100, *et seq.* (executive employees), 29 C.F.R. section 541.200, *et seq.* (administrative employees), 29 C.F.R. section 541.300, *et seq.* (professional employees), or 29 C.F.R. section 541.708 (combination).

25.     Assuming, arguendo, that Plaintiff's employer violated any provision of the FLSA, which is denied, such violation was not caused by any unlawful policy, custom, practice, or procedure promulgated or tolerated by their employer.

26.     For purposes of preserving the defense pending discovery, if Plaintiff or any of the individuals she seeks to represent file or have filed for bankruptcy and

fail or have failed to disclose with the bankruptcy court either: (1) unpaid wages as an amount owed to them; or (2) employment disputes giving rise to a claim seeking monetary damages, they may be barred from pursuing their wage and/or employment claims under the doctrine of judicial estoppel and for lack of standing.

27.     The Complaint is barred, in whole or in part, to the extent Plaintiff, and/or some or all of the putative collective action members, settled, waived, and/or released their alleged claims.

28.     Plaintiff and the individuals she seeks to represent are not entitled to an award of prejudgment or post-judgment interest even if they prevail on any or all of their claims.

29.     Defendants' defenses above are likewise asserted as defenses to the claims of any and all members of any collective action that may (but should not be) certified in this case.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend their Answer to add additional defenses or counterclaims which may become known during discovery or trial.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayer for relief, award Defendants their costs and reasonable attorneys' fees incurred herein, and grant such other and further relief to

which Defendants may be equitably, justly, or legally entitled.

Dated:          March 17, 2022                    Respectfully submitted,

                                                   LITTLER MENDELSON P.C.


                                                   /s/*Jennifer S. Harpole*
                                                   Jennifer S. Harpole

                                                   Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 17th day of March, 2022, a true and correct copy of the above and foregoing **ANSWER TO COLLECTIVE ACTION COMPLAINT** was filed and served via the CM/ECF system, which will send notification of such filing to the below addresses:

Matthew C. Helland
**NICHOLS KASTER, PLLP**
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
helland@nka.com

Caroline E. Bressman
**NICHOLS KASTER, PLLP**
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
cbressman@nka.com

Benjamin L. Davis, III
**THE LAW OFFICES OF PETER T NICHOLL**
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone: (410) 244-7005
bdavis@nicholllaw.com

Erika Birch
T. Guy Hallam, Jr.
**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**
1516 W Hays St
Boise, ID 83702
(t) 208.336.1788
(f) 208.344.7980
erika@idahojobjustice.com
guy@idahojobjustice.com

*s/ Jennifer S. Harpole*
Jennifer S. Harpole

4879-9968-9234.2 / 044508-1024