UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMILY HANIGAN,<br><br>          Plaintiff,<br><br>v.<br><br>OPSEC SECURITY, INC.; and OPSEC ONLINE, LLC,<br><br>          Defendants. | Case No. 1:22-cv-00064-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Motion to Alter, Amend, or Vacate the Judgment. Dkt. 48. The Court finds that the decisional process would not be significantly aided by oral argument and will decide the motion on the briefs. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons below, the Motion is DENIED.

## II. BACKGROUND

On behalf of herself and "all others similarly situated," Plaintiff Emily Hanigan brought a Fair Labor Standards Act ("FLSA") overtime wage claim against Defendants OpSec Security, Inc. and OpSec Online, LLC ("OpSec"). Dkt. 1. The Court conditionally certified a collective action under the FLSA and authorized notice of the collective action to be provided to all persons who worked for OpSec since February 16, 2019, as brand analysts, senior analysts, or other similar positions. *See* Dkt. 40.

On November 2, 2022, OpSec extended an offer of judgment to Hanigan. It

provided that judgment would be entered against OpSec and that OpSec would pay a lump sum of $100,000 plus reasonable attorneys' fees and costs incurred by Hanigan and allegedly similarly situated employees in full satisfaction of their claims against OpSec. At the time OpSec made its offer, thirteen individuals besides Hanigan had filed consent forms to become parties in the case. Hanigan and the opt-in Plaintiffs (collectively "Hanigan," unless otherwise stated) timely accepted the offer, which triggered entry of judgment under Federal Rule of Civil Procedure 68.

Subsequently, OpSec filed the instant Motion, asking the Court to alter, amend, or vacate the Judgment. At issue is the Judgment's scope. OpSec argues that the offer of judgment was extended to the current Plaintiffs, as well as those individuals who later opted in. Hanigan, on the other hand, contends that only she and the then-existing opt-in Plaintiffs could legally accept the offer.

### III. LEGAL STANDARD

"A district court may reconsider [a prior judgment] under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to

relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

"A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (cleaned up).

Rule 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J*, 5 F.3d at 1263 (cleaned up). Like relief granted under Rule 59(e), Rule 60(b) relief is extraordinary and may only be granted upon an adequate showing of exceptional circumstances. *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n. 1 (9th Cir. 1989).

Under both Rule 59(e) and Rule 60(b), the moving party bears the burden of establishing grounds for relief. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* at 1131 (cleaned up).

# IV. ANALYSIS

The issue here is whether the judgment was a manifest error of law. OpSec argues that it was because Hanigan and the other opt-in Plaintiffs accepted different judgment terms than the ones it offered. Specifically, OpSec asserts that Hanigan purported to accept the offer, which it argues was made to all individuals in the collective, only on behalf of herself and the other opt-in Plaintiffs. Because of this alleged discrepancy between offer and acceptance, OpSec contends that the Court's judgment, which reflects Hanigan's understanding, is a manifest error of law and causes manifest injustice to OpSec. In other words, OpSec relies on contract principles to argue that Hanigan cannot accept an offer of judgment that OpSec did not make. In its view, she must accept the offer as written or else reject it.

Hanigan counters that no mistake has been made. She argues that the only lawful and reasonable reading of OpSec's offer is that it applied only to the individuals who were parties in the case at the time OpSec made its offer. Thus, her acceptance of the offer must stand. The Court agrees.

The overarching issue is not controlled by general contract principles, but by specific rules and statutes. Federal Rule of Civil Procedure 68 provides that "a party defending a claim may serve on an opposing party" an offer of judgment. Under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). So, unlike a Rule 23 class action, in an FLSA collective action, "conditional certification does not produce a class with an independent legal status,

or join additional parties to the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Thus, reading Rule 68 and the FLSA together, the law provides that when OpSec made its offer, the only opposing parties in the case were Hanigan and the thirteen opt-in Plaintiffs. Accordingly, they were the only parties to which OpSec could make an offer.[1] It follows that Hanigan and the opt-in Plaintiffs were the only parties who could accept that offer. The fact that Hanigan accepted the offer—and the Court entered judgment—in the only sense that it could be legally valid is hardly a manifest error of law. Nor does such a judgment cause manifest injustice.

The Parties also assert competing interpretations of the Rule 68 offer. It is true that Rule 68 offers of judgment are "analyzed in the same manner as any contract." *Erdman v. Cochise Cnty.*, 926 F.2d 877, 897 (9th Cir. 1993); *see also Eccles v. City of Lewiston Libr. Bd. of Trustees*, 2021 WL 277196, at *6 (D. Idaho Jan. 27, 2021) ("The usual rules of contract construction apply to interpreting the terms of a Rule 68 settlement offer."). Importantly, however, "[a]mbiguities in a Rule 68 offer are typically construed against the offeror." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1223 (9th Cir. 2016).

Here, OpSec may have thought it made a global settlement covering parties and non-parties, so long as they are allegedly similarly situated employees. But the Court finds that, within the framework of the FLSA, "allegedly similarly situated employees" meant

---

[1] While it is true the notice had not yet been distributed, this fact does not change the result. The class list and offer of judgment were sent to the Plaintiffs nearly simultaneously, and Hanigan cannot be faulted for accepting the offer in a timely manner.

the thirteen additional opt-in Plaintiffs who were similarly situated to Hanigan at the time of the offer. To find otherwise would be to ignore the import of Rule 68 and 29 U.S.C. § 216(b).

## V. CONCLUSION

Ultimately, the Court finds none of the grounds upon which a Rule 59(e) Motion can be granted present. Likewise, OpSec has not made a sufficient showing for this Court to reconsider its previous judgment under Rule 60(b). Thus, the extraordinary relief that OpSec seeks is unwarranted.

## VI. ORDER

The Court HEREBY ORDERS:

1. OpSec's Motion to Alter, Amend, or Vacate the Judgment (Dkt. 48) is DENIED.

DATED: July 27, 2023

David C. Nye
Chief U.S. District Court Judge