UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMILY HANIGAN,<br><br>        Plaintiff,<br><br>v.<br><br>OPSEC SECURITY, INC.; and OPSEC ONLINE, LLC,<br><br>        Defendants. | Case No. 1:22-cv-00064-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Before the Court is Plaintiff Emily Hanigan's Motion for Attorney Fees. Dkt. 46. Hanigan requests $67,021.25 in attorneys' fees and $3,395.60 in non-taxable costs.[1] Dkt. 50, at 6. Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon consideration, and for the reasons below, the motion for an award of attorneys' fees and non-taxable costs is GRANTED in PART and DENIED in PART.[2]

## II.  BACKGROUND

Hanigan brought this case under the Fair Labor Standards Act ("FLSA") "on behalf of herself, and all similarly situated individuals" (collectively "Plaintiffs"). Dkt. 1, at 2. After thirteen other individuals joined Hanigan's case (*see* Dkts. 15–19, 22, 27, 31, 37),

---

[1] Hanigan's original request for attorneys' fees amounted to $65,568.75 (Dkt. 46, at 1), but this increased to $67,021.25 due to time spent working on the fee petition itself (Dkt. 50, at 6).

[2] Hanigan also filed a Bill of Costs. Dkt. 45. As explained below, the Court will award the amounts requested therein.

OpSec Security, Inc. and OpSec Online, LLC ("OpSec") made a Rule 68 Offer of Judgment (the "Offer") (Dkt. 43-1), which Plaintiffs accepted (Dkt. 43-2), and the Court approved (Dkt. 44). Relevant here, part of the Offer stated: "Defendants will pay Plaintiff . . . reasonable attorneys' fees and costs incurred to date in full satisfaction of all of the claims . . . ." Dkt. 43-1, at 3. Hanigan now petitions the Court for attorneys' fees and costs pursuant to the terms of the Offer. Dkt. 46. OpSec filed a response disputing four aspects of Hanigan's petition.[3]

First, OpSec argues that 40.4 hours amounting to $10,017.50 in fees that Hanigan's counsel Nichols Kaster, LLP accumulated in preparing the fee petition are excessive and unreasonable. Hanigan requests an additional 4.1 hours amounting to $1,452.50 in fees incurred by drafting the reply to OpSec's opposition. As that amount is part of the fee petition, the Court assumes that OpSec opposes and incorporates that amount into their overall response. Therefore, OpSec opposes 44.5 hours amounting to $11,470.00 in fees and requests the Court reduce that amount by at least one-half.

Second, OpSec contends the 7.7 hours amounting to $1,355.00 in fees Hanigan's counsel requests for sending "welcome letters" and researching "potential client contact information" should be denied "due to their lack of specificity and clarity." Dkt. 49, at 10–11. OpSec alternatively characterizes these activities as advertising and solicitation, which it addresses in its third argument.

---

[3] In its response, OpSec first argued that the Court should stay a decision on this motion pending an order on OpSec's Motion to Alter, Amend, or Vacate the Court's approval of the Offer of Judgment. The request to stay Hanigan's motion is moot as the Court has since denied OpSec's Motion. Dkt. 54.

Third, OpSec asserts that fees for researching, advertising, and communicating with potential clients are unrecoverable advertising and solicitation expenses.[4]

Fourth, OpSec similarly asserts that in addition to advertising fees, advertising costs are also unrecoverable and opposes Hanigan's request for $1,602.61 in nontaxable advertising costs.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 68 permits "a party defending against a claim to serve an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a) (cleaned up). Where a Rule 68 offer provides for an award of reasonable attorneys' fees, the district court's job is to determine "the amount of fees to which the plaintiffs are entitled under the Rule 68 Offer." *Id.* at 852 (cleaned up). The Ninth Circuit has "repeatedly emphasized that Rule 68 offers of judgment are analyzed in the same manner as any contract." *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017) (cleaned up). In determining fees under a Rule 68 offer, the court must consider that plaintiffs are "entitled to rely on the plain language of the offer they accept, and any ambiguities are construed against the drafter." *Id.* (cleaned up).

Courts use the two-step "lodestar" method to calculate reasonable attorneys' fee awards. *See, e.g. Edmo v. Idaho Dep't of Correction*, 2022 WL 16860011, *2 (D. Idaho Sept. 30, 2022). The lodestar amount is "calculated by multiplying the number of

---

[4] Specifically, OpSec opposes 23.65 hours amounting to $4,491.25 in fees for drafting/ reviewing advertisements, sending ad letters, and drafting a press release; 7.7 hours amounting to $1,355.00 in fees for drafting, revising, and sending welcome letters; and 6.1 hours amounting to $1,067.50 in fees for researching potential client information.

hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis in original) (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)).

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Within the relevant community, the court considers the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon*, 132 F.3d at 502 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).

A court may exclude from the fee calculation hours that were not "reasonably expended," such as hours which are "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The "fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 437). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397-98 (citations omitted).

Although "the calculation of the amount of a 'reasonable attorney's fee' is not a precise science," *Green v. Baca*, 225 F.R.D. 612, 614 (C.D. Cal. 2005), there is a "strong presumption" that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah*

*Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

"Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (cleaned up). "The burden of proving that such an adjustment is necessary" is on the party seeking the adjustment. *Blum*, 465 U.S. at 898. When adjusting a lodestar figure, courts may consider four factors. These are: "(1) time limitations imposed by the client or the circumstances, (2) the 'undesirability' of the case, (3) the nature and length of the professional relationship with the client, and (4) awards in similar cases." *Id.*; *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (cleaned up).

## IV.   DISCUSSION

### A. Calculating the Lodestar Figure

Hanigan's proposed hours and rates for work done through the date of the Offer are listed in the following table:

| Professional | Position | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Matthew Helland | Partner | $400 | 31.4 | $12,560 |
| Erika Birch | Partner | $400 | 3.1 | $1,240 |
| T. Guy Hallam | Partner | $400 | 0.5 | $200.00 |
| Caroline Bressman | Associate | $250 | 45.9 | $11,475 |
| Caitlin Opperman | Associate | $250 | 46.5 | $11,625 |
| Christine Rued | Paralegal | $175 | 5 | $875.00 |
| Kayla Stender | Paralegal | $175 | 0.2 | $35.00 |
| Katie Braunwarth | Paralegal | $175 | 6.2 | $1,085 |
| Dunja Subasic | Paralegal | $150 | 3.2 | $480.00 |
| David Bodger | Data Analyst | $175 | 4.3 | $752.50 |
| Julia McGuire | Class Action Clerk | $175 | 70.65 | $12,363.75 |
| Christina Houston | Class Action Clerk | $175 | 1.1 | $192.50 |

| | | | | |
|---|---|---|---|---|
| Bridget Peterson | Class Action Clerk | $175 | 0.3 | $52.50 |
| Angi Kittelson | e-Discovery Manager | $175 | 0.2 | $35.00 |
| Cameron Pylka | ESI Specialist | $175 | 1.1 | $192.50 |
| Amy Jorgensen | Business Development Clerk | $175 | 6.1 | $1,067.50 |
| | | | **225.75** | **$54,231.25** |

Dkt. 46-2 at 3; 46-7, at 2–3.

OpSec does not dispute that Hanigan is entitled to attorneys' fees pursuant to the Offer, nor do they object to the hourly rates charged by Hanigan's attorneys. Hanigan's attorneys submitted affidavits supporting the reasonableness of these rates in Idaho, the relevant community where the case was filed. Because courts in the District of Idaho have previously found the rates Hanigan proposes to be reasonable for this market,[5] and given that OpSec does not oppose these rates, the Court finds Hanigan's rates reasonable.

OpSec does, however, object to three aspects of Hanigan's calculation of hours. First, OpSec argues the hours Hanigan billed while pursuing the fee petition after signing the Offer are excessive and unreasonable. Dkt. 49, at 6–7. Second, OpSec contends the hours Hanigan's attorneys billed for sending welcome letters and researching potential

---

[5] *See Ayala v. Armstrong*, 2019 WL 96299, at *3 (D. Idaho Jan. 3, 2019) (awarding fees for partner's work at hourly rate of $425); *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, 2018 WL 2248588, at *2 (D. Idaho May 15, 2019) (noting that attorney's rate of $435 was "at the higher end of the Boise legal market" but appropriate "based upon his experience and expertise"); *Campbell v. Union Pacific Railroad Co.*, 2022 WL 43878, at *4 (D. Idaho Jan. 4, 2022) (setting rates for Nichols Kaster associates at $250); *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols., Corp.*, 2021 WL 2444157 (D. Idaho June 15, 2021) (setting rate for associates with five to six years of experience at $250 and finding prevailing market rate for paralegals was $190); *F.V. v. Jeppesen*, 2022 WL 2150052, at *8 (D. Idaho June 8, 2022) (finding $175 rate for paralegals was presumptively reasonable).

client contact information are unrecoverable because they lack clarity and specificity. *Id.* at 10–11. Third, OpSec argues Hanigan is not entitled to recover for hours spent on advertising and solicitation, because these efforts are unrecoverable overhead expenses. *Id.* at 11. The Court addresses each of these arguments in turn.

### i. Preparing the Fee Petition

The Court first considers whether Hanigan is entitled to fees accrued in preparing the fee petition. Typically, time spent in establishing an entitlement to a fee award is compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). However, a party is not entitled to recover fees if he or she accepts an offer of judgment that clearly and unambiguously waives those fees. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995).

Hanigan requests the following hours and rates for work done preparing the fee petition:

| Name | Position | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Matthew Helland | Partner | $400 | 6.8 | $2,720.00 |
| Erika Birch | Partner | $400 | 3.0 | $1,200.00 |
| Caitlin Opperman | Associate | $250 | 28.7 | $7,175.00 |
| Christine Rued | Paralegal | $175 | 9.0 | $1,575.00 |
| Dunja Subasic | Paralegal | $150 | 0.8 | $120.00 |
| | | | **48.3** | **$12,790.00** |

Dkts. 46-2, at 4; 50-3, at 2. All of the fees sought in preparing the petition were incurred after Hanigan signed the Offer, which stated OpSec would pay "reasonable attorneys' fees and costs *incurred to date*. . . ." Dkt. 43-1, at 3. (emphasis added).

Hanigan relies on *Holland* to support her argument requesting compensation for post-Offer attorneys' fees accrued while pursuing the fee petition. In *Holland*, the court

MEMORANDUM DECISION AND ORDER - 7

upheld an award of post-offer attorney fees. In that case, the offer provided for "costs now accrued *and reasonable attorney fees as determined by the court.*" Dkt. 43-1, at 3 (emphasis in original). Because the limiting language "now accrued" followed "costs" but preceded the attorney fee language, the district court found the extent of the limitation ambiguous. Ultimately, the court concluded that the limiting language clearly modified costs, but did not clearly modify reasonable attorney fees. As a result, the *Holland* court limited costs to those incurred as of the settlement agreement date, but did not extend the limitation to attorney's fees.

Conversely, in *Guererro v. Cummings*, 70 F.3d 111 (9th Cir. 1995), the Ninth Circuit upheld a district court's decision to deny attorney's fees accrued in preparing a post-offer fee petition. In *Guerrero*, the offer of judgment provided only for "fees and costs incurred by th[e] plaintiff *prior to the date of this offer.*" *Id.* at 1111 (emphasis added). Unlike the limiting language in Holland, the "prior to" limitation in *Guerrero* followed both fees and costs. Because of this, the Circuit found the limiting language clearly and unambiguously modified both costs and fees, and, therefore, precluded an award for costs or fees accrued after the offer was signed.

Here, the language in the Offer between Hanigan and OpSec states OpSec will pay the $100,000 judgment "plus reasonable attorneys' fees and costs *incurred to date. . . .*" Dkt. 43-1, at 3 (emphasis added). Like the limitation in *Guerrero*, the modifier "incurred to date" in OpSec's Offer limits both fees and costs to those accrued by Hanigan prior to her acceptance of the Offer. Therefore, Hanigan's acceptance clearly and unambiguously waived attorney fees incurred thereafter, and she is barred from recovering the requested

$12,790.00 in fees accrued after signing the Offer.

Hanigan argues "it is unreasonable to understand Defendants' offer as precluding Plaintiff from recovering fees incurred in preparing this petition where the terms of their offer necessitated the filing of this petition." Dkt. 46-1, at 10. The Court disagrees. The plain language of the Offer limits attorney's fees and costs to those incurred as of the date of the Offer. Hanigan was free to negotiate the terms prior to acceptance if she found those terms unreasonable. But it is not appropriate for the Court to effectively modify the terms of the Offer post hoc by awarding post-offer fees after Hanigan voluntarily bound herself to the Offer's limiting language. "The explicit terms of the offer[] dictate this result." *Guerrero*, 70 F.3d at 1113.

### ii. Lack of Clarity and Specificity

The Court next turns to OpSec's argument that Hanigan's requested hours spent drafting welcome letters and researching potential client contact information are insufficiently clear or specific to warrant a fee award. The Court disagrees. The fee applicant bears the burden of documenting the appropriate hours expended. *Hensley*, 461 U.S. at 437. To meet this burden, the applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* at 437.

The only authority OpSec offers in support of its contention that Hanigan's time entries lack the requisite specificity is *Fuller v. Dep't of Corr.*, 2019 WL 6332850 (D. Idaho Nov. 26, 2019). There, the party opposing the fee petition argued the fee applicant engaged in block-billing, "the time-keeping method whereby each lawyer enters the total daily time spent working on a case, rather than itemizing the time expended on specific

tasks." *Id*. at *7 (cleaned up). Courts disfavor block-billing because it "obscures the time spent on discrete legal tasks." *Id*. However, the Court in *Fuller* found the time entries did not constitute block-billing and were sufficiently specific because they listed discrete daily activities and "g[ave] an accurate sense of the tasks performed." *Id*.

Conversely, the Ninth Circuit in *In re: Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994), found that general summaries of daily time records that did not identify discrete tasks were insufficiently specific to meet the applicant's burden. Another court in this Circuit found a fee applicant failed to carry its burden of specificity when the applicant heavily redacted 193 pages of billing records to the point that the court was "completely unable to discern the subject matter of any work performed." *RQ Construction., Inc. v. Ecolite Concrete U.S.A., Inc.*, 2010 WL 3069198 (C.D. Cal. 2012).

Here, Hanigan has not provided redacted, summarized, block-billed, or otherwise indiscernible descriptions of the work performed. Rather, she has submitted detailed time records identifying discrete activities with signed affidavits from her counsel explaining those activities. Hanigan's counsel explained that the welcome letters OpSec disputes were initial communications with new opt-in Plaintiffs after they filed their consent letters to join the litigation. Sending direct communications to plaintiffs and obtaining contact information via online research to send those communications are discrete activities. The Court is satisfied with the clarity and specificity provided by Hanigan's time entries and accompanying explanations for these discrete legal tasks. The Court next turns to whether such tasks are recoverable as fees.

*iii. Advertising Fees*

OpSec argues in the alternative that if the hours Hanigan's attorneys billed for welcome letters and client contact information research are not unrecoverable for lack of specificity, they are unrecoverable advertising and solicitation expenses. Dkt. 49, at 11. OpSec similarly argues that counsel's time reviewing and issuing a press release, drafting and distributing advertisements, and inputting client-communication data into Salesforce are unrecoverable advertising and solicitation expenses. *Id.* at 8–11.

While general firm advertising is not recoverable, the unique nature of FLSA collective actions requires some marketing and solicitation particularized to the litigation that is recoverable. Unlike class members in a traditional Rule 23 class action, employees wishing to join an FLSA collective action must affirmatively opt in by filing a written consent. The plaintiff bears the burden to show that the plaintiff and the putative collective share a similar issue of fact or law material to the disposition of their FLSA claims. As the Court previously noted, "plaintiffs must provide substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." Dkt. 40, at 4 (quoting *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627 (E.D. Cal. 2009)) (cleaned up). Here, the Court required Hanigan to "provide evidence in the form of pleadings and affidavits" to meet her burden for conditional certification of the collective. Dkt. 40, at 5. Hanigan met that burden by submitting her own sworn affidavit and the sworn affidavits of four other similarly situated former OpSec employees. *Id.* Had Hanigan's counsel not spent time locating and soliciting these, and other similarly situated individuals, Hanigan would not have met her burden for

conditional certification of the collective. The Court, therefore, finds the time spent by counsel to draft and distribute online advertisements and a press release for the case are recoverable and reasonable.  Hanigan is entitled to recover the disputed $2,422.50[6] in fees requested for these activities.

OpSec also disputes time Hanigan's counsel spent researching potential client contact information, sending welcome letters, and documenting communications in Salesforce. It is difficult to imagine how Hanigan's counsel could have contacted putative class members had they not spent time researching the contact information of those potential clients. Furthermore, the "welcome letters" sent by counsel were direct communications with plaintiffs; Hanigan's counsel sent these letters to new opt-in plaintiffs after they returned their consent forms to join the collective. Dkt. 50, at 5. The time entries relating to Salesforce describe counsel inputting notes from client calls into a database to track those communications. Three out of the five disputed entries even went so far as to identify collective action members by name (Hanigan, Page, and Bell-Garner). Dkt. 46-4, at 15–16. Tracking communications with clients who are direct parties to this litigation can hardly be considered general firm advertising. Thus, the Court finds that the fees for time Hanigan's attorneys and their staff spent identifying and communicating with putative class members and tracking those communications are reasonable and recoverable. Hanigan is, therefore, entitled to the disputed $4,491.25 in fees for these communications.

---

[6] This amount is the sum of the challenged $1,355.00 in fees for drafting, revising, and sending welcome letters and the $1,067.50 in fees for time spent researching client contact information. Dkt. 49, at 10.

*iv. Reasonableness of Undisputed Pre-Offer Hours*

Other than the objections addressed above, OpSec does not dispute the reasonableness of the pre-Offer hours Hanigan requests. However, because a court must "provide a concise but clear explanation of its reason for the fee award," the Court briefly explains its rationale for finding the pre-Offer hours worked by Hanigan's counsel are

| Hanigan's Initial Fee Request | $67,021.25 |
|---|---|
| Reduction for Post-Offer Work | $12,790.00 |
| **Total Lodestar** | **$54,231.25** |

reasonable. *Hensley*, 461 U.S. at 437. The Court has conducted a thorough review of the parties' submissions, the arguments presented, and the relevant caselaw. Hanigan's counsel necessarily spent substantial time investigating potential claims, drafting court filings, communicating with Hanigan and the thirteen additional opt-in plaintiffs, conducting legal research, and preparing briefs for this court. Furthermore, Hanigan's counsel works on contingency, and the Ninth Circuit has found that the prevailing lawyer's billing judgment merits deference in contingency cases: "after all, he won, and might not have had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Furthermore, Hanigan's counsel allocated the tasks in this case amongst its team in an efficient manner, assigning specialized class action clerks and other support staff with the bulk of the work necessary to contact clients and potential clients early in the litigation.

In sum, the Court finds that Hanigan's requested rates and pre-Offer hours are reasonable. However, the clear language of the Offer bars Hanigan from recovering any fees accrued after signing the Offer. Accordingly, Hanigan's hours are reduced by 48.3 hours, amounting to a $12,790.00 reduction in fees, bringing the appropriate lodestar figure

to $54,231.25.

**B. Non-Taxable Costs**

The Court next turns to Hanigan's request for non-taxable costs. Hanigan seeks non-taxable costs totaling $3,395.60, detailed in the table below.

| Cost Category | Costs Requested |
|---|---|
| Advertising | $1,602.61 |
| Postage | $76.09 |
| Pro Hac Vice Fees | $1,000.00 |
| Relativity Costs | $2.72 |
| Service Fees | $235.00 |
| Westlaw Costs | $479.18 |
| **Total** | **$3,395.60** |

Dkt. 46-1, at 11.

OpSec disputes only the $1,602.61 request for advertising costs, arguing that "advertising costs to solicit and recruit clients are not recoverable costs in litigation." Dkt. 49, at 9. While that may be the case with regard to general advertising of a firm's business, as the Court explained above, FLSA collective actions present a unique need to identify and recruit putative plaintiffs. Hanigan explains that the advertising activities were undertaken to publicize the case during early stages of the litigation, and were necessary to notify potential class members of the availability of an opt-in collective action. Hanigan was ultimately successful in her efforts, as thirteen additional individual filed consent forms to become parties to this litigation. *See* Dkt. 54, at 2. For these reasons and the reasons stated above, the Court finds Hanigan is entitled to an award for the requested advertising costs.

## C.  Bill of Costs

Hanigan has separately filed a Bill of Costs seeking $402.00 in clerks and service fees. Dkt. 45. 28 U.S.C. § 1920 outlines the specific costs that may be taxed by the court. Fees of the clerk and marshal, including filing fees, are recoverable under this statute. *Id.* Before a bill of costs is taxed, the requesting party must attach an affidavit verifying the necessity and performance of the services for which the fees are requested. 28 U.S.C. § 1924.

The only cost Hanigan requests in her Bill is the filing fee for her Complaint, which is a taxable cost under 28 U.S.C. § 1920(1). Hanigan has filed her Bill and the accompanying affidavit. Dkt. 45. OpSec does not challenge the Bill. Accordingly, the Court awards Hanigan the $402.00 she requests in her Bill.

## V.   CONCLUSION

The Court finds Hanigan's requested rates reasonable for the relevant Boise, Idaho market. Likewise, the Court finds the requested fees accrued prior to the Offer on November 2, 2022, are reasonable. The activities that OpSec characterizes as general advertising were in this case particularized to this litigation and essential to Hanigan's success in locating similarly situated individuals to join the FLSA collective. Because of the plain limiting language of the executed Rule 28 Offer of Judgment, Hanigan is barred from recovering fees for work performed after the Offer's execution. Therefore, the appropriate lodestar amount is $54,231.45. Having removed the post-Offer fees, the Court finds no further adjustment necessary in this case.

The Court also finds the disputed advertising costs are recoverable costs particularized to this litigation. The Court therefore awards the requested $3,395.60 in non-

taxable costs.

After a full review of the parties' submissions in this case, the arguments presented, and all relevant caselaw, the Court awards Hanigan the following costs and fees:

| | |
|---|---|
| Attorney Fees | $54,231.45 |
| Non-taxable Costs | $3,395.60 |
| Bill of Costs | $402.00 |

## VI.  ORDER

The Court HEREBY ORDERS:

1.  Hanigan's Motion for Attorney Fees is GRANTED in PART and DENIED in PART as outlined above.

2.  The Court awards Hanigan attorneys' fees in the amount of $54,231.45 and non-taxable costs in the amount of $3,395.60.

3.  The Clerk of the Court is directed to tax additional costs in the amount of $402.00.

4.  The Court will enter an Amended Judgment reflecting this award.

5.  OpSec has 30 days to comply with this order.

DATED: October 18, 2023

David C. Nye
Chief U.S. District Court Judge